**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-2403**

---

PONG AN KANG; SUN OK CHONG, a/k/a Chun Cha
Kang,

Petitioners,

versus

JOHN ASHCROFT, U. S. Attorney General; TOM
RIDGE, Secretary of the United States
Department of Homeland Security; BUREAU OF
CITIZENSHIP AND IMMIGRATION SERVICES,

Respondents.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A44-694-748; A45-247-010)

---

Submitted: July 28, 2004          Decided: September 17, 2004

---

Before LUTTIG, MICHAEL, and GREGORY, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Mark Urbanski, LAW OFFICES OF HYDER & OVERAS, Richmond, Virginia,
for Petitioners.  Peter D. Keisler, Assistant Attorney General,
David V. Bernal, Assistant Director, Margaret K. Taylor, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pong An Kang and Sun Ok Chong petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the Immigration Judge's ("IJ") finding of deportability because they were inadmissible at the time of their last entry into the United States.

The Government has the burden of establishing by clear and convincing evidence that an alien who has been admitted to the United States is deportable. 8 U.S.C. § 1229a(c)(3)(a) (2000). No decision on deportability is valid unless it is based upon reasonable, substantial, and probative evidence. Id. Our review of a final order of removal is limited, however. See 8 U.S.C. § 1252(b) (2000). The IJ's underlying factual findings are conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary," while the Board's decision that an alien is not eligible for admission is conclusive unless manifestly contrary to law. § 1252(b)(4)(B), (C).

We have carefully reviewed the record and conclude it does not compel a finding that Chong is Kang's real wife or that Kang did not assist Chong in entering the United States. Petitioners have therefore not demonstrated the Board's decision that they are deportable was manifestly contrary to law. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED